## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DENISE PRICE                                        :
    Individually, and as Personal                  :
    Representative and Administrator of             :
THE ESTATE OF JEFFERY PRICE, Jr.                    :
    Estate No. 2018 ADM 000808                     :
Address: 5313 Jay Street, NE                        :
Washington, DC  20019                               :
                                         .

            Plaintiff

Case: **1:20–cv–00614 (Jury Demand)**
Assigned To : **Walton, Reggie B.**
Assign. Date : **3/2/2020**
Description: **Other Civil Rights (L–DECK)**

JEFFERY PRICE, Sr.
Address: 1939 Capitol Avenue, NE
DC  20002

            Plaintiff                          :

                        :

v.                                                  :   (Companion Case - Civil Action No:
                       :  /9-cv-01272- RBW )
                       :

Officer Michael Pearson                             :
c/o Office of the Attorney General                  :
441 4th Street, NW                                  :
Washington, DC  20001                               :
                       :

            Defendant                         :

Officer David Jarboe                                :
c/o Office of the Attorney General                  :
441 4th Street, NW                                  :
Washington, DC  20001                               :
                       :

            Defendant                         :

Officer Anthony Gaton                               :
c/o Office of the Attorney General                  :
441 4th Street, NW                                  :
Washington, DC  20001                               :
                       :

            Defendant                         :
                       :

Officer John Doe 3                          :
c/o Office of the Attorney General          :
441 4th Street, NW                          :
Washington, DC  20001                       :
                                            :
                                            :
v.                                          :     **Trial By Jury Is Demanded**
                                            :
District of Columbia                        :
a municipal corporation                     :
441 Fourth Street, NW                       :
Washington, DC  20001                       :
                                            :
          Mayor Muriel Bowser               :
          Office of Mayor                   :
          1350 Pennsylvania Avenue, N.W.    :
            Washington, DC  20001           :
                                            :
          Tonia Robinson, designee          :
                                            :
          Office of the Attorney General    :
          Karl A. Racine                    :
          District of Columbia              :
          441 4th Street, N.W.              :
          Washington, DC  20001             :
                                            :


## TABLE OF CONTENTS

Introduction                    p.  3

Parties                         p.  3

Jurisdiction                    p.  7

Facts Common to All             p.  7

Damages                         p.  13

Counts                          p.  17

Constitutional Claims – Wrongful Death Counts

I.      Fourth Amendment:  Unreasonable Seizure by Excessive Force

II.     Fifth Amendment: Violation of Due Process
III.    § 1983 *Monell* Claim for Violations of Fourth and Fifth Amendment Rights

State Law Claims-Wrongful Death Counts

IV.   Negligence, Negligence Per Se, Gross Negligence
V.    Assault
VI.   Battery
VII.  Intentional Infliction of Emotional Distress
VIII. Negligent Infliction of Emotional Distress
IX.   Negligence in Hiring, Retention, Training and Supervision

Constitutional Claims – Survival Counts

X. Fourth Amendment:  Unreasonable Seizure by Excessive Force
XI. Fifth Amendment: Violation of Due Process
XII. 1983 *Monell* Claim for Violations of Fourth and Fifth Amendment Rights

State Law Claims- Survival Counts

XIII.    Negligence, Per Se, Gross Negligence
XIV.     Assault
XV.      Battery
XVI.     Intentional Infliction of Emotional Distress
XVII.    Negligent Infliction of Emotional Distress
XVIII.   Negligence in Hiring, Retention, Training and Supervision

INTRODUCTION

1.  This lawsuit, brought under the Civil Rights Act 42  USC 1983, seeks money

    damages for the violations of the rights of Jeffery Price, Jr., deceased, under the

    Fourth and Fifth Amendments to the Constitution for unreasonable

    seizure/excessive force and violations of Due Process which shock the conscience,

    as well as claims brought under the laws of the District of Columbia, including

    common law claims for negligence, negligence per se, gross negligence, assault,

    battery, intentional infliction of emotional distress, negligent infliction of emotional

distress, negligent hiring, training, supervision and retention under the District of Columbia's Wrongful Death and Survivorship Acts.

2.  On August 14, 2018, The District of Columbia, Office of Risk Management acknowledged "receipt of your correspondence notifying our office of a claim against the District of Columbia" pursuant to DC Code § 12-309.

3.  It is alleged that Defendant, Michael Pearson, (hereinafter "Pearson") a District of Columbia police officer, killed Jeffery Price, Jr., by intentionally and/or negligently using his police vehicle as a barricade to block the path of Mr. Price when it was outrageously unreasonable to do so.  It is further alleged that Defendant Pearson intended to harass and intimidate Mr. Price as a pattern of profiling and harassing black motorcycle drivers, by use of excessive force in violation of the Fourth Amendment and violations of Due Process of the Fifth Amendment to the Constitution that are outrageous and shock the conscience.

4.  It is alleged that the Metropolitan Police Department (MPD) Officers David Jarboe and Anthony Gaton were chasing/channeling and/or following in their cruisers Jeffery Price Jr., and Pearson, officers who in their individual and official capacities helped Pearson to barricaded Division Avenue, NE with Pearson's MPD SUV, those responsible for supervising the events which lead up to the collision and for those investigating the instant collision, including Watch Commanders, who acted with reckless, deliberate and callous indifference to violate the rights of Price under 42 USC 1983 and the Fourth and Fifth Amendments of the Constitution are liable for the causes of action articulated in this Complaint.

PARTIES

5.  Plaintiff, The Estate of Jeffery Price, Jr., Administration No., 2018 ADM 000808, is

    an Estate in the District of Columbia.  At all times material hereto, Decedent Mr.

    Price was an unarmed and unmarried adult male living in the District of Columbia.

6.  Plaintiff Denise Price, Mother of Jeffery Price, Jr. has been duly appointed Personal

    Representative ("PR") of the Estate by the Probate Division of this Superior Court.

7.  Denise Price is both the Personal Representative of the Estate of Jeffery Price, Jr.,

    as well as a lawful heir of the Estate of Jeffery Price Junior, being next of kin.

8.  Jeffery Price, Jr., who has survival claims as well as wrongful death claims,  lived

    in the home of his mother, Denise Price, and contributed to her maintenance and

    well being by providing economic assistance and providing essential services as

    Denise Price has need of assistance because of  her medical limitations

9.  Jeffery Price, Sr., father of Jeffery Price Jr., is a lawful heir of the Estate of Jeffery

    Price, Jr.

10. The District of Columbia (**DC**), Defendant, employs the respective Officers

    mentioned in this complaint and is responsible for their conduct under the doctrine

    of *respondeat* superior.   It is also liable based on the pattern and practice that

    Defendant DC tolerates allowing its MPD officers to target motorbike drivers on

    motorbikes with deadly force, i.e. their MPD vehicles.

11. David Jarboe  was traveling North down Division Avenue, NE chasing and/or

    channeling Plaintiff, Jeffery Price Jr., (Price), into a trap whereby Pearson would

target Price and knock Price off his motorbike with his SUV Cruiser, i.e. which was deadly force.

12.  Anthony Gaton was traveling North down Division Avenue, NE, chasing and or channeling Plaintiff, Jeffery Price, Jr. into the trap set for him whereby Pearson would time his entry into Division Avenue, from Fitch Place in a manner that would abruptly use his SUV as a barricade, terminating the forward progress of Price with deadly force, i.e. an inevitable impact between Price's motorbike and the MPD SUV that Pearson was driving.

13.  Both MPD Officers David Jarboe and Anthony Gaton, caused this chase and/or guided channeling to ensue so that Price would be captured in the calculated trap for set for him at the intersection of Fitch Place, and Division Avenue, NE. .

14.  John Does 3 etc.  Many of the officers, who are being sued both in a direct capacity, a supervisory capacity, and an administrative capacity, have yet to be identified and this case will require extensive discovery before the true identity of the parties, and/or supervisors and/or administrative personnel have been identified. Therefore, Plaintiff is using unknown John Doe 3, as a place holder for such other John Doe slots as is necessary to properly join all unknown Defendants; that is John Doe 3 anticipates many other John Does; but rather than list all possible John Does, John Doe 3 is a generic John Doe that may be expanded as needed to meet the ends of Justice.  Thus, Plaintiff asserts that any statute of limitations regarding specific, as yet unidentified and unknown Defendants should be tolled until their identity is ascertained, and related back to the filing of this original complaint to the time within the respective statute of limitations.

JURISDICTION

15. Subject matter jurisdiction is proper under 28 USC sec. 1331 and 1343 as this suit arises under the Constitution and laws of the United States. Supplementary jurisdiction over the claims arising under District of Columbia law (State law claims) is proper under 28 USC sec. 1367.

16. Personal Jurisdiction is proper as Plaintiffs and Defendants are residents of or entities located within the District of Columbia.

17. Venue is proper under 28 USC sec. 1391 as all material and relevant acts and inactions occurred within the District of Columbia, and all material witnesses and evidence may be found within the District or nearby.

18. The actions of which Plaintiff complains violated Decedent's constitutionally protected rights and were taken under the color of District of Columbia law and/or policy, procedure, custom or usage and may be redressed pursuant to 42 USC 1983 and 1986.

19. Defendants violated Decedent's constitutionally protected rights under the Fourth and Fifth Amendments of the Constitution of the United States, and the laws of the United States, to be free from unreasonable search and seizure, unreasonable excessive force, to be free from deprivation of life or liberty without due process of law, and the right to be free from unreasonable government interference and obstruction while traveling on the roads of the United States and more particularly, the District of Columbia.

FACTS COMMON TO ALL

20. Plaintiffs re-state and re-allege each and every allegation set for herein.

21.  Defendant Pearson, a police officer of the District of Columbia, acting under the color of law, and pursuant to the policies, practices and procedures of Defendant DC, killed Mr. Price in the course of intentionally driving into the lane of travel occupied by Mr. Price that was tantamount to a traffic stop under the color of law. Defendant Pearson, acted without sufficient legal cause to seize Mr. Price and/or abruptly stop his freedom of movement and, through the use of unreasonable and excessive force, violated Mr. Price's constitutional rights under the Fourth and Fifth Amendments, as well as assaulting and battering him causing extreme infliction of emotional distress.

22.  On or about May 4, 2018,  on a clear day, Mr. Price, age 22, Price,a bright young man with a promising future, was riding his 2017 Honda, CRF450RX, VIN #JH2PE07C2HK000167, North bound on Division Avenue, NE, DC approaching the intersection of Fitch Place, NE, DC.

23.  At the same time, Pearson was parked at the corner of Fitch Place and Division Avenue, NE positioned to interdict Mr. Price with his MPD Cruiser.

24.  While Mr. Price was being chased/channeled by MPD Cruisers driven by MPD Officers David Jarboe and Anthony Gaton,  Pearson suddenly entered Division Ave and used his vehicle as a barricade to block the path of Mr. Price continuing down Division Avenue, NE.

25.  Officer Pearson did not activate his emergency lights or sirens prior to the collision with Mr. Price and had a duty to obey all the rules of the road prior to and while entering the intersection of Division Avenue and Fitch Place, NE, as any other

vehicle would be required to do; as no emergency devices were activated upon entering said intersection and continuing through until the collision was ensued.

26.  The intersection of Fitch Place and Division Avenue, NE, is a "T" configuration, i.e. Fitch Place intersects with Division Ave., NE but does not continue past the curb on the far side of Division Avenue.   Going any further across  Avenue, NE by Pearson would give Pearson two choices, 1) driving into a solid stone wall or 2) driving into the creek situated behind the wall that runs through Marvin Gaye Park.

27.  Thus, the only legal option for Pearson was to either turn right onto Division Ave, NE, or turn left onto Division Avenue, NE.  It is patently illegal for a non-emergency vehicle to drive across Division Avenue from Fitch Place to place a police cruiser as a barricade blocking traffic across the width of Division Avenue, NE.  Pearson did not even bother to honk his police cruiser's horn to warn Price as Pearson intentionally and abruptly pulled into the lane of travel of Price  without activating Pearson's SUV's driving emergency lights and sirens.

28.  It was obvious to the police at the scene that driving a MPD cruiser entering from Fitch Place perpendicularly into where this "T" intersection intersects with Division Avenue thus blocking oncoming Northbound traffic with Pearson's SUV sideways across Division Avenue would result in a collision with any oncoming traffic going down Division Avenue towards the intersection of Fitch Place, especially if it were done abruptly, as Pearson did here.  Thus, Pearson created a situation where the collision with Price was unavoidable, deliberate and intentional.

29.  In fact, it was the very purpose of officer Pearson to block the lane of travel of Mr. Price as he was coming down Division Avenue, NE at the intersection of Fitch

Place, NE. Pearson's vehicle would not be blocking Division Avenue unless it was an intentional act, as Fitch Place does not go past the far curb of Division Avenue.

30. This deliberate choice to slash across Division Avenue abruptly was a bizarre choice as the other legal choices, a legal left turn or right turn, were available but Pearson made the illegal choice and blocked  Division Avenue, NE.

31.  Using a police cruiser as an implement of an inevitable collision is deadly force that is predictable and obvious, especially when a motorcycle rider is driving downhill at a significant speed under the circumstances of being chased.

32.  As was obvious and inevitable, Price ran head-on into the side of Pearson's MPD Cruiser resulting in a powerful impact that lead to Price's death.

33.  This strategy of police officers chasing Price down Division Avenue, without activating their sirens and emergency lights was an intentional set up by the chasing MPD officers, David Jarboe and Anthony Gaton to trap and render Price vulnerable to Pearson's abrupt intentional blocking Mr. Price's trajectory down Division Avenue, NE.. Officers David Jarboe and Anthony Gaton, have been identified as the officers who were following/chasing Jeffery Price in Defendant's Opposition to Plaintiff's Motion For Limited Discovery to identify the said officers who are following Price while Price was allegedly traveling at 70 mph in the MPD police report.

34. Had Pearson remained at the stop sign where he was positioned at a standstill at the corner of Division Avenue and Fitch Place, NE, no impact would have occurred. There was no sensible reason for Pearson to occupy and block the lane of travel

occupied by Price at the time and place of the collision. The foregone conclusion is that Pearson intentionally blocked the path of Price with his cruiser.

35.  It was the chasing and/or channeling Price by Officers Jarboe and Gaton and the intentional and abrupt sudden intrusion of Pearson into Mr. Price's lane of travel on Division Avenue, NE, that caused the death of Mr. Price. It should have been obvious to anyone, and more particularly to officers engaged in preventing traffic offenses, that driving into Mr. Price's lane suddenly and abruptly under this scenario  would have given Mr. Price no chance to avoid a severe impact.

36.  As a result of the head-on impact, between the front of Mr. Price's Honda Motorbike and the side of the cruiser being driven by Pearson, Price was thrown from the bike and ended on the pavement of Division Avenue, NE.

37.  The force which was used, i.e. deadly force, to apprehend Price was grossly disproportionate to the force necessary to apprehend Mr. Price, as Officers Jarboe, Gaton and  Pearson didn't even bother to warn Mr. Price by activating their emergency lights and sirens.

38.  The District should be very much aware of the perils of using deadly force to target motorbike drivers.

39.  There have been other cases litigated in this jurisdiction which put the District on notice of the pattern and practice of police officers targeting young black bikers with deadly force which include *Terry Cain, et. al. v. DC, et. al.,* 01:13-cv-01103 (D.D.C.- JEB) and *Robinson v. DC, et.al.,* (D.D.C 2015).  .

40. Over 200 affidavits were presented to the United State District of Columbia District Court in the *Robinson* case to demonstrate a practice and pattern of knocking bikers

off bikes with police cruisers.   Robinson was seeking to use these over 200

affidavits of bikers being hit off their motorbikes to bolster Plaintiff Robinson's

Monell Claim.  All of these police incidents of targeting bikers their District owned

motor vehicles occurred before the instant case, thus putting the District on this

Notice of the Police unlawfully using deadly force against black motorbike riders.

41. In addition, in the *Robinson* case, the Court allowed the District their pick of

selecting ten bikers from the respective 200-plus biker affidavits to depose.  All ten

bikers showed up for their depositions and testified favorably to Robinson's theory

that there was a pattern and practice by the MPD of targeting black bikers with

deadly force, i.e. with both police marked and unmarked vehicles.

42. Thus, there is a clear pattern and practice proven by Plaintiff of the MPD targeting

black bikers with their cruisers, i.e. deadly force in violation of §1983; and since

done on a Department-wide basis, establishes Plaintiff's claim for Damages under a

*Monell* theory of recovery in this *Price* instance.

43. Decedent Price, prior to his death was caused to suffer extreme  emotional distress

and fear and apprehension of the imminent collision, and after the collision was

caused to suffer conscious pain and suffering, bodily injuries and discomfort as well

as extreme emotional distress and death.

44. As a result of his death, Price leaves behind statutory beneficiaries, Denise Price,

Jeffery Price's mother,  and his father, Jeffery Price, Sr.  The Estate of Jeffery Price,

Jr. through its personal representative, mother Denise Price, seeks recovery  of

damages for the causes of actions set forth below under the District's Survivorship

Statute and its Wrongful Death Statute.

45. This pattern and practice of knocking motorbike riders off their motorbikes would not be possible without the acquiescence of those supervisors who know that such collisions occur.  This pattern and practice of targeting black bikers with MPD vehicles, both marked and unmaked, i.e.deadly force is characterized in this complaint as "extraordinary circumstances".

## DAMAGES

46. As a direct and proximate result of the acts and omissions of Defendants Pearson, Jarboe, Gaton and the Defendant District, as stated herein above and in each of the Counts of Plaintiff's Complaint:

A. Decedent Price suffered fatal bodily injuries, pain and suffering, disfigurement, inconveniences, mental anguish, disability, fright, embarrassment, demoralization, deformity, discomfort, emotional distress, anxiety and eventual death.

B. Decedent Price sustained damages to the motorbike he was driving, suffered loss of income and other financial losses, and by the taking of his life was deprived of his normal financial business, and by the taking of his life was deprived of his normal maturation, development, educational growth and improvement, economic growth, improvement, professional advancement and quality of life.

C.  Plaintiff Price incurred medical expenses in the treatment of his injuries, and his Estate suffered  funeral and burial expenses, and suffered loss of income and other financial losses that would have otherwise been distributed to his relatives and heirs.

D. The Estate of Jeffery Price, Jr., and other statutory beneficiaries of Decedent have been denied the financial benefits, gifts and other contributions that they would have expected to receive from Decedent, and have suffered and will continue to suffer other damages, including but not limited to pecuniary financial losses and loss of service, all otherwise recoverable under the District of Columbia's Wrongful Death and Survivor Act.

E. The Estate of Jeffery Price asserts claims against the police officers Michael Pearson, David Jarboe, Anthony Gaton, in their individual capacities and their official capacities as police officers as well as the District of Columbia.

F. Plaintiffs assert "extraordinary circumstances" against the District of Columbia giving rise to punitive damages against its officers and the District wherein the District of Columbia has encouraged and allowed this pattern and practice of targeting black bikers with deadly force, i.e. hitting said bikers with their government vehicles or otherwise driving them off the road into dangerous obstacles and situations.

G. These "extraordinary circumstances" of allowing MPD officers to target black bikers with their MPD vehicles, both marked and unmarked, i.e. deadly force on a Department wide basis shows the failure of the District's MPD to punish said officers for their Constitutional violations. This permissive atmosphere causes the MPD officers to disregard Constitutional principles that results in MPD officers using deadly force against the District's citizens and occupants, i.e. the targeting of black bikers with their motor vehicles, that kill, maim and harm said motorbike victims by their officers using of their District owned vehicles on a Department

basis in order to enforce traffic laws and non-deadly felonies which is clearly excessive force under the circumstances in violation of the Constitution.

H.  Rather than discipline said officers for their unlawful use of deadly force, said officers that unlawfully target black bikers with deadly force are routinely given promotions and pay increases which  inspires other officers to target black bikers with their cruisers with impunity.

I.  These "extraordinary circumstances"  encourage the MPD officers to violate the Constitution of the United States and violate the rights of its citizens by the use of this deadly force of targeting  black bikers with their MPD vehicles on a racial and class basis.

J.  These "extraordinary circumstances" allow and tacitly encourage its officers in the District to be deliberate indifference to these Constitutional violations and  to target black bikers with deadly force on a department wide basis with impunity.

K.  The District knowingly retains these officers who engaged in such practices; and fail to correct this unconstitutional practice of targeting bikers with deadly force, i.e. collisions with black bikers with their MPD vehicles.

L. The District actively engages in cover-ups of these Constitutional violations by employing its Department high level officers and leadership to routinely white wash the obvious lies and sanitizing adverse facts deliberately to exonerate its officers and to avoid judgments, thus adding to the proliferation of these unconstitutional practices of allowing MPD officers to target black bikers with deadly force.

M.  The Price case is not an isolated case of an officer using his MPD vehicle to target and harm a black biker with deadly force; this practice of targeting black bikers with deadly force is routinely allowed with impunity to the DC Officers and is all part of a pattern and practice that the District of Columbia allows on a Department wide basis.

N.  These practices of targeting black bikers with deadly force were known or should have been known to the District, particularly in light of the holding in *Robinson v. the District of Columbia* where Plaintiff was allowed to proceed on a Monell claim against the District on the Districts Motion for Summary Judgment. *Robinson v. District of Columbia*, Civil Action No. 2009-2294 (D.D.C. 2015).

O.  If the District and MPD can't police their own policemen, punitive damages should be granted to Plaintiffs!

N.  This court has allowed punitive damages claims to proceed until the conclusion of all the evidence and thus should not be struck prior thereto.  "The court agrees with the plaintiffs that resolving whether they may recover punitive damages is premature.  If this matter proceeds to trial, the Court will evaluate at the conclusion of the presentation of the evidence whether the evidence merits the jury being permitted to consider an award of punitive damages."  Ladesha Morton, et. al. v. District of Columbia Housing Authority, et. al. Defendants, 720 F.Supp. 2nd 1 (D.D.C. 2010).

P.  Thus, Plaintiffs assert a claim for punitive damages against the District and its officers by specifically pleading "extraordinary circumstances" because the District allows its officers to be deliberately indifferent to Constitutional

prohibitions against the use of deadly force and tacitly encourages its officers to engage in the practice and pattern of targeting black bikers with deadly force with its MPD vehicles in violation of the Constitutional rights to be free from the use of deadly force in enforcing traffic violations and non-deadly felonies.

**COUNT I (Against Defendant Pearson, Jarboe, Gaton & Defendant D.C.)**

**Fourth Amendment: Unreasonable Seizure by Excessive Force**

47. Plaintiff incorporates by reference, re-states and re-alleges each and every allegation set forth above as if fully set forth herein (including Facts Common To All).

48. At all time during this incident material hereto, Pearson was acting under the color of law in his uniform and driving an MPD cruiser.

49. Defendant Pearson seized the Decedent Price's person by the use of deadly force, specially, using his police vehicle to create a barricade to prevent Price from continuing to drive down the Division Avenue and the corner of Fitch Place, NE.

50. Such deadly force was clearly and objectively unreasonable in light of the circumstances known to Defendant Pearson, and no reasonable police officer in such circumstances would have used such means nor thought such means was within the bounds of reason.

51. At all times relevant to this lawsuit, Decedent was unarmed, and did not engage with or resist Defendant Pearson in any way, and was not engaged in any activity or that put Defendant Pearson or anyone else at risk of imminent harm.

52. Despite the Decedent's complete lack of aggression towards Pearson, Pearson used excessive and deadly force to seize the Decedent Price's person.  Pearson was not in fear of deadly harm but Price sure was.

53. The force which Defendant Pearson used to stop Price was disproportionate to the force necessary to seize Price as Defendant Pearson had at his disposal on his vehicle emergency flashers upon the activation of which, Price may have come to a stop or otherwise may have complied with Defendant's directions, had he been so instructed.

54. In any event, Defendant Pearson, while parked at the stop sign at the corner of Fitch Place at the intersection with Division Avenue, NW, was not threatened at all by Price and the use of deadly force, i.e. using his vehicle as a barricade was not necessary and disproportionate to the force necessary to protect Pearson  from harm; in fact, it increased the likelihood that Pearson would experience harm by driving into the path of Price!

55. By Pearson's act of using his vehicle as a barricade, when he could have stayed at the stop sign at Fitch Place, or lawfully turned right or left onto Division Avenue, NE, Pearson failed to avail of the himself of the "last clear chance" to avert the collision and placed the entire cause of the collision on the shoulders of Pearson and the District.

56. As a direct and proximate result of the illegal and search and excessive seizure, Decedent, his statutory beneficiaries and his Estate suffered damages as described in this complaint.

57. The circumstances of this collision were exacerbated because at least two MPD vehicles were following behind Price, tailing him, by Officers David Jarboe and Anthony Gaton.

58. This effort to trap Price by a pincer movement was a coordinated effort by David Jarboe and Anthony Gaton and Pearson as well as the supervisor of MPD who should have been alerted during this chase of Price as is required by General Order 301.03 for the Police Department when a chase ensues. Thus, the Watch officer for the MPD in this instance may have potential liability as a John Doe 3 participant in this chase of Robinson.

59. The Damages sought under this Count are proper pursuant to the District of Columbia Wrongful Death Act. The District is responsible for their participation in this coordinated effort to seize Price with deadly force. These damages are lawfully pursued by the Personal Representative of the Price Estate.   Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant Pearson, David Jarboe, Anthon Gaton and the District in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $ 30,000,000 (thirty million dollars) in punitive damages against Michael Pearson, David Jarboe, Anthony Gaton in their  individual capacities and official capacities  and the District under the category of "extraordinary circumstances" as articulated in *Jose Luis Maldonado v. District of Columbia*, Civil Action No. 11-1373 (2013).

**COUNT II (Against Defendant Pearson, Jarboe, Gaton &  Defendant D.C.)**

## Fifth Amendment: Violation of Due Process

60. Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set forth herein.

61.  At all times, Defendants Pearson, Jarboe and Gaton acted under color of law.

62. Pursuant to the Fifth Amendment to the Constitution and the laws of the United States, Defendant had a constitutionally protected right to be free from deprivation of life and liberty without due process of law and a right to travel on the roads of the District of Columbia.

63. In particular, Price was protected under the Fifth Amendment from Pearson's arbitrary action under color of law that profoundly interferes with a Price's right to life, liberty, and/or property and the right to travel.

64. Furthermore, to have a MPD police officer like Pearson lying in wait to spring out sideways into the lane of an oncoming lane of travel driven by Price at a significant rate of speed, especially when Price is being chased downhill by other officers, David Jarboe and Anthony Gaton, into a trap,  was so egregious and outrageous that it shocks the conscience as serious bodily injury or death is likely and did occur.

65. This chase was not an incidental occurrence but a planned interdiction between those officers David Jarboe and Anthony Gaton chasing  Price down Division Avenue and  Pearson who was lying in wait at Division Avenue's intersection with Fitch Place, NE to block Price's further progress with Pearson's MPD cruiser by abruptly placing his cruiser sideways into Price's lane of travel.

66. Rather than being afforded Due Process procedurally or substantially, the Decedent was unreasonably deprived of his liberty to travel the roads of the United States

unimpeded and in the process Price was summarily executed by Pearson under color of law with the assistance of Jarboe and Gaton. .

67. As a direct result of the aforementioned constitutional violations, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in this Complaint herein.

68. Defendant Pearson's outrageous, intentional wrongful acts as well as the conduct of David Jarboe and Anthony Gaton, exhibit the degree of malice to warrant punitive damages.  The Watch Commander should have been alerted to this chase and prevented it and is therefore liable for  sanctions against this chase if the Watch Commander participated as a John Doe 3.

69. Damages sought under this Count are proper pursuant to the District of Columbia's Wrongful Death Act.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant Pearson, David Jarboe, Anthony Gaton and the District,  in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $ 30,000,000 (thirty million dollars) in punitive damages against Defendant Pearson, Officer David Jarboe and Anthony Gaton in both their official capacity and in their individual capacity and the District of Columbia under the category of "extraordinary circumstances".

**COUNT III (Against Defendant D.C.)**

**§ 1983 – Monell Claim for Violations of Amendments Four & Five**

70. Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set forth herein.

71. As described in the above Counts of this Complaint, Defendant Pearson violated Decedent's Fourth and Fifth Amendment rights.

72. At all times material hereto, Defendant Pearson acted under color of law.  He was on duty, performing his job as a police officer of the District of Columbia, pursuant to the authority vested in him by Defendant D.C.

73. At all levels of the District's MPD  from the top down, including the Chiefs of Police, Assistant Chiefs of Police, District Commanders, District Captains, District Lieutenants, District Sergeants and Rank and File police officers, the MPD tolerated and ignored the pattern and practice of targeting black bikers with MPD vehicles, whether marked or unmarked and tacitly encouraged it as is proven by the Price case.  The Price case was a coordinated MPD collision.

74. The leadership of the MPD/District knew or should have know that there was a systemic problem of MPD/District officers targeting black bikers with their cruisers.

75. Plaintiff incorporates by reference those facts common to all listed in this Complaint.

76. The pattern and practice of police MPD cover-ups of police misconduct at all levels is all too familiar within all ranks of the MPD and exposes once again this terrible pattern of allowing officers to use their cruisers as the deliverers of death and mayhem vastly out of proportions to the circumstances presented.  MPD and District  presumes they can get away with this practice of targeting bikers with their cruisers because of the racial and class bias that permeates all levels of the police force.

77. At all times relevant to this instant law suit, it was the unwritten policy, practice and custom of Defendant D.C., endemic to its MPD, to encourage and permit officers on patrol in their vehicles to intimidate black motorcyclists, intentionally, using means including but not limited to swerving into motorcyclists' lane of traffic causing the rider to swerve, fall or lose control of their respective motorbikes; and actually knocking the bikers off their bikes.

78. Officers of the MPD, including Defendants Pearson, Jarboe and Gaton , have a long history of pursuing this practice of targeting bikers with deadly force in order to intimidate, threaten and bully motorbike riders in D.C.

79. These practices and/or customs of knocking black bikers off their motorbikes were commonplace and were knowingly and tacitly condoned by supervisors within the MPD.

80. At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to condone abuses of police power by its officers, including but not limited to the type of abuse alleged against Pearson herein, through its inaction and failure to investigate and pursue reports of unlawful seizures and use of excessive force, and failure to deter such behavior by its agents through proper training, reprimand, suspension or dismissal, particularly with respect to the pattern of targeting of black motorbike/motorcycle drivers. This pattern falls within the ambit of "extraordinary circumstances".

81. At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to fail to train and discipline its officers, creating a situation where its unfit, untrained and undisciplined officers were certain to violate the constitutional rights of black motorbike riders, through unreasonable seizures, use of excessive force, and deprivation of due process of the law, without fear of consequences.

82. The above described policies and customs, as well as pattern and practices demonstrate a deliberate indifference on the part of policy makers of Defendant D.C. to protect the constitutional rights of black motorcyclists to be free of unconstitutional violations and were the direct and proximate cause of the violations of plaintiff's rights alleged herein. In contrast, in contempt, they have ignored them and demeaned them.

83. As a result of improper training as well as failure to train by adequate supervision by Defendant D.C., Defendant Pearson, Jarboe and Gaton were incapable to do their jobs with respect to handling situations within the parameters of black bikers driving on the streets of the District of Columbia.

84. As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of Defendant D.C., Defendant D.C. is directly liable under § 1983 for the violations of Decedent's constitutional rights described in the above Counts.

85. As a direct and proximate result of the above described policies and customs, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in this Complaint.

86. Damages sought under this Count are properly pursuant to the District of Columbia Wrongful Death Act.

 Wherefore, Plaintiff, Denise Price, individually and as a personal representative and administrator of the Estate of Jeffery Price, Jr., demands judgment against Defendant D.C. in the amount of $ 70,000,000.00 (seventy million dollars) plus prejudgment interest, attorney's fees and other costs of this suit, and other such relief that the Court may deem just and proper and $ 30,000,000.00 in punitive damages against the District of Columbia under the category of "extraordinary circumstances" for allowing the systemic pattern of "deliberate indifference"

to prevail by its failure to prevent the pattern and practice of the targeting of black bikers with deadly force, i.e. police vehicles, on a department wide basis.

STATE LAW CLAIMS – WRONGFUL DEATH COUNTS (D.C. Code 16-2710)

Count IV – (Defendants Pearson, Jarboe, Gaton & Defendant D.C.)

Negligence, Negligence Per Se and Gross Negligence

87. Plaintiff re-states and re-alleges each and every allegation set forth above as if fully sent forth herein.

88. At the time of the instant collision, Officers Pearson, Jarboe and Gaton were employed as police officers for the Metropolitan Police Department in the District of Columbia, thus a *respondeat superior* relationship between the District and Pearson, Jarboe and Gaton attaches.

89. Defendant Pearson, Jarboe and Gaton had a duty to operate their  police vehicles in a careful and prudent manner, and yield the right of way to Decedent, and maintain his vehicle in its proper lane of travel so as to avoid negligently crossing over his lane of travel into the lane being driven by Price.

90. Under the common law, Defendants owed a duty of care not to enter another's lane of travel without, at a minimum, properly entering the space with adequate notice with the flow of traffic, not against it and leaving enough space to avoid contact with any other vehicle.  Pearson had the last clear chance to avoid this collision and rather than execute that chance, he intentionally occupied the path of Price going sideways, blocking Division Avenue, that resulted in impact which caused Price's death at the scene.

91. In this case, there is a negligence per se standard that police officers are under a very clear duty under General Order 301.03 "to maintain a safe distance between their vehicle and the fleeing vehicle." G.O. 301.03 5 C.  Pearson failed to maintain a safe distance between his

vehicle and the motorbike being driven by Price. And D.C. failed to supervise and train its officers not to engage motorbikes and threaten or hit said bikers with their cruisers. Accordingly, Pearson breached both the common law duty of care as well as the statutory negligence per se standard required of MPD officers.

92.   District of Columbia law provides that "any police officer who uses unnecessary and wanton severity in arresting or imprisoning any person shall be deemed guilty of assault and battery, and upon conviction, punished therefore." DC Code Ann. § 5 – 123.02. This statute is meant to promote safety; Price is a member of the class of persons to be protected under the statute, and the statute imposes a specific duty on Pearson as he is a member of MPD and was trying to arrest or imprison Mr. Price.

93.   Defendant Officers Pearson, Jarboe and Gaton, while acting within the scope of their employment violated DC Code Ann. § 5 – 132.02 as well as the duty of care owed under the common law of intentional torts as they used excessive force in attempting to arrest and imprison Price.

94.   Pearson deliberately  crossed into Price's oncoming driver's lane of travel against the flow traffic which constitutes shocking, egregious and outrageous conduct which  is nothing less than gross negligence, subject to punitive damages.

95.   Consequently, Defendant D.C. is liable under the doctrine of *respondeat* superior for the aforementioned tortious acts and omissions of Defendants Pearson, Jarboe and Gaton for said negligence, negligence per se and gross negligence.  The District is responsible  under the doctrine *respondeat* superior for the damages inflicted upon Mr. Price as pursued by his Personal Representative.

96.  Thus, Pearson, Jarboe and Gaton are also liable to Plaintiffs for Punitive damages based on "extraordinary circumstances" of gross negligence in their individual and official capacities  and the District is liable to Plaintiffs for allowing the pattern and practice to exist of allowing its officers to target black bikers with deadly force in violation of the Constitution.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant Officers Pearson, Jarboe and Gaton and Defendant D.C.  in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper for the District of Columbia's Negligence and Negligence Per Se, and $ 30,000,000 (thirty million dollars) in punitive damages against Officers Pearson, Jarboe and Gaton both in their official and personal individual capacities and the District of Columbia under the legal theory and category of  "extraordinary circumstances" for their gross negligence and the District in allowing the pattern and practice of targeting black bikers to be hit by police vehicles, i.e. deadly force.

Count V (Defendants Officers Pearson, Jarboe, Gaton, and Defendant D.C.)

### Assault

97.  Plaintiff re-states and re-alleges each such and every allegation set forth above as if fully set forth herein.

98.  At all times material hereto, Defendant Pearson intentionally and unlawfully assaulted Plaintiff Price by abruptly crossing Division Avenue, NE, and used his vehicle to barricade and block the oncoming travel coming North down Division Avenue, assuring that the collision between Pearson's cruiser and Price's dirt bike was inevitable.  All of this occurred while Officers Jarboe and Gaton were chasing/channeling Price down Division Avenue, NE.

99. Decedent's reaction to Defendant Pearson's using his vehicle to block Decedent's forward travel was that of extreme apprehension of bodily harm, fear of his  demise, anxiety that he would be hurt, and that he would be maimed with catastrophic injury.

100.  As a direct and proximate cause of the collision, Decedent, his statutory beneficiaries and his Estate suffered damages as described in this Complaint.

101.  All such damages were proximately and solely caused by the intentional actions of Defendant Pearson and the drivers of MPD cruisers by Officers Jarboe and Gaton  that were chasing/channeling Price down Division Avenue in violation of MPD regulations  while Price was riding on his motorbike.

102. At all times during which these tortious acts were being committed by Defendants, they were employed as police officers by Defendant D.C. and were on duty, operating police vehicles owned by Defendant D.C within the scope of their employment. Consequently, Defendant D.C. is liable under the doctrine of *respondeat superior* for the aforementioned tortious acts and omissions of Defendants Pearson, Jarboe and Gaton and also liable for punitive damages under the legal theory of "extraordinary circumstances".

103. As a direct and proximate result of the attitudes and  omissions of duties of the MPD, Officers think that they can and will "get away with murder"  if they are subordinate to the dictates of and if these officers protect and defend that blue wall of silence even against the lawful interests of the civil rights of its citizens of DC and the United States.

104. These attitudes rife within the ranks of the MPD are the proximate cause that  motivated Pearson to target and assault Price by use his MPD SUV Cruiser to block Price's lane of travel.

105. The District failed to correct their wrongful policies that allow police officers to target bikers with the police vehicles and the Price collision and death was proximately caused by the

District's failure to train and supervise its officers and to terminate those officers who do not meet the appropriate standards to be police officers.

106. The instant claims for and damages are recoverable under the Wrongful Death Act of the District of Columbia.

107. The District is responsible under the doctrine *respondeat* superior for the damages inflicted as a result of this assault upon Mr. Price as pursued by his Personal Representative.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant Pearson, Jarboe and Gaton, jointly and severally in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $ 30,000,000 (thirty million dollars) in punitive damages against Pearson, Jarboe and Gaton under the legal theory of "extraordinary circumstances" both individually and officially and the District of Columbia under "extraordinary circumstances" as described in this complaint.

Count VI - (Defendants Pearson, Jarboe, Gaton & Defendant D.C.)

**Battery**

108. Plaintiff re-states and re-alleges each such and every allegation set forth above as if fully set forth herein.

109. At all times material hereto, while Officers Jarboe and Gaton chased/channeled Price down Division Avenue, NE, Defendant Pearson intentionally and unlawfully caused his MPD cruiser to violently hit Plaintiff Price by abruptly crossing Division Avenue, NE, and used his vehicle to barricade and block the oncoming travel coming North down Division Avenue,

assuring that the collision between Pearson's cruiser and Price's dirt bike was inevitable resulting in lethal contact.

110.  Decedent's reaction to Defendant Pearson's using his vehicle to block Decedent's forward travel was that of extreme force designed to produce bodily harm.

111.  As a direct and proximate cause of the collision, Decedent, his statutory beneficiaries and his Estate suffered damages as described in this Complaint.

112.  All such damages were proximately and solely caused by the intentional actions of Defendant Pearson, David Jarboe and Anthony Gaton as well as the Watch Commander if there be one.

113.  At all times during which these tortious acts were being committed by Defendants, they were employed as police officers by Defendant D.C. and were on duty, operating police vehicles owned by Defendant D.C within the scope of their employment.

114.  Consequently, Defendant District of Columbia is liable under the doctrine of *respondeat superior* for the aforementioned tortious acts and omissions of Defendants Pearson, David Jarboe and Anthony Gaton.

115.  The instant claims survives Decedent and damages are recoverable under the District of Columbia's Wrongful Death Act.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant Pearson, David Jarboe, and Anthony Gaton, both in their individual capacities and in their official capacities as police officers, jointly and severally and the District  in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper,

and $ 30,000,000.00 in punitive damages against Michael Pearson, David Jarboe, and

Anthony Gaton in their individual and official capacity as police officers and the District

of Columbia under the legal theory and umbrella of "extraordinary circumstances" for

allowing said officers to target Price with deadly force, i.e. using their cruisers in

participating with Pearson to knock Price off his motorbike in furtherance of the pattern

and practice of targeting black bikers with MPD vehicles, i.e. deadly force.

Count VII (Defendants Pearson, Jarboe, Gaton &  Defendant D.C.)

Negligent Infliction of Emotional Distress

116. Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set

forth herein.

117.  As a result of this intense chase by MPD's David Jarboe and Anthony Gaton, and the

ultimate collision that  caused Price's Death, Price   experienced extreme emotional distress,

fear and apprehension which contributed to his demise.

118. As a direct and proximate cause of Defendant Pearson's unintentional acts but negligent

acts and grossly negligent acts, Decedent, his statutory beneficiaries, and his Estate suffered

the damages as described in this complaint.

119.  Defendant D.C. is jointly and severally liable under the doctrine of *respondeat superior*

for the aforementioned tortious acts and omission of Pearson and unknown John Does.

120. Damages sought under this Count are proper pursuant to the Wrongful Death Act.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of

the Estate of Jeffery Price, Jr. demands judgment against Defendant Pearson, David

Jarboe, Anthony Gaton and the District in the amount of $ 70,000,000 (seventy million

dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of

this suit, and such other relief that the Court may deem just and proper for their negligent infliction of emotional distress, and $ 30,000,000 (thirty million dollars) in punitive damages against Michael Pearson, David Jarboe, and Anthony Gaton in their individual and official capacities as police officers and the District of Columbia under the legal theory and umbrella of "extraordinary circumstances" as a result of their collective "grossly negligent infliction of emotional distress" upon Mr. Price.

Count VIII ( (Defendants Pearson, Jarboe, Gaton & Defendant D.C.)

Intentional Infliction of Emotional Distress

121. Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set forth herein.

122. As a result of this deliberate, intentional and intense chase by MPD's David Jarboe and Anthony Gaton in coordination with Pearson who was waiting in cooperation with David Jarboe and Anthony Gaton, at the bottom of the hill to interdict Price and the ultimate collision that resulted in Price's death, caused Price to experience extreme emotional distress, fear and apprehension as well as great bodily harm which contributed to his demise.

123. After the impact between Officer Pearson and Price, the Officers in the area stood in the vicinity of the Pearson's cruiser and laughed while Price writhed in agony, demonstrating their sadistic intent to cause Pearson harm.

124. As a direct and proximate cause of Defendant Pearson's intentional infliction of acts which gave rise to Emotional Distress and physical injuries, his statutory beneficiaries, and his Estate suffered the damages as described in this complaint.

125. Defendant D.C. is jointly and severally liable under the doctrine of *respondeat superior* for the aforementioned tortious acts and omissions of Pearson, Jarboe and Gaton.

126.  Damages sought under this Count are proper pursuant to the Wrongful Death Act.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant Pearson, Jarboe  Gaton, and the District  in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $ 30,000,000 (thirty million dollars) in punitive damages against Pearson, Jarboe and Gaton in their individual and official capacity as police offices and against the District of Columbia for "extraordinary circumstances"  as a result of their intentional infliction of emotional distress upon Mr. Price.

## COUNT IX - (Defendant D.C.)

### Negligence in Hiring, Training, Supervision and Retention

127. Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set forth herein.

128. At all times relevant herein, Defendant Pearson, Jarboe and Gaton were employees, agent and/or servant of Defendant, D.C. and acted under the direction and control of , and pursuant to the statutes, rules, regulations, polices, and procedures of Defendant D.C.

129. Defendant D. C. had a duty, through performance of reasonable inquiry, to hire as police officers, only such individuals who are capable of appreciating the rights of citizens of the District of Columbia afforded by the United States Constitution, and to suspend and dismiss individuals unfit or unable to enforce the District's police powers within constitutional boundaries.

130. Defendant D.C. had a duty to refrain from retaining, i.e., a duty to suspend and dismiss, those officers who demonstrate lack of capacity to appreciate the rights of citizens of the District of Columbia afforded by the Unites States Constitution, and to suspend and dismiss individuals unfit or unable to enforce the District's police powers within constitutional boundaries, especially when pitted against the compromising position of supporting the blue wall of silence of their fellow officers vs. a duty to uphold the civil rights of its citizens.

131. Defendant D.C. had a duty to train its officers to effect searches and seizures within the bounds of the United States Constitution, and not in violation of the Fourth and Fifth Amendments of the said Constitution. Pearson, with the aid of Jarboe and Gaton unlawfully seized Price by knocking Price off his bike using a police cruiser to do so.

132. As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of Defendant D.C., Decedent was deprived of this aforementioned constitutional rights in the manner described in the Counts herein.

133. As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of Defendant D.C., Defendant D.C. is directly liable under § 1983 for the violations of Decedent's constitutional rights described in the above Counts.

134. In breach of the aforementioned duties set forth herein, Defendant D.C. failed to supervise Officers Pearson, Jarboe and Gaton to ensure that their actions were in conformity with the United States Constitution.

135. As a direct and proximate result of the negligence of Defendant D.C. with respect to its negligent hiring, retention, training and supervision of Defendant Pearson, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in this complaint.

136. The above referenced damages were the direct and proximate result of the negligence of Defendant D.C. in abrogating its duties to hire, retain, supervise and train officers who will correctly enforce the Constitution and civil rights of the citizens and occupants of D.C.

137. The damages sought against Defendant D.C. under this Count are proper pursuant to the District of Columbia Wrongful Death Act. The District is responsible for the damages inflicted upon Mr. Price as pursued by his Personal Representative.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant D.C. in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit in its pattern and practice of negligent hiring, training, supervision and retention of officers who fail to appreciate the civil and Constitutional rights of its citizens.  .

## CONSTITUTIONAL CLAIMS – SURVIVORSHIP COUNTS

### Constitutional Claims – Survivorship Counts

### Count X – (Against Pearson, Jarboe & Gaton and Defendant D.C)

### Fourth Amendment Excessive Force

138. Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set forth herein.

139. At all times material hereto, Pearson, Jarboe and Gaton, acted under color of law.

140. While Price was being chased by David Jarboe and Anthony Gaton, without activated emergency lights and sirens, guiding him into the trap laid for him by the MPD offices like running cattle through a chute in a slaughter house,  Defendant Pearson was lying in wait for his victim Price at the bottom of Division Ave., NE.  Pearson then intentionally and abruptly

entered the lane of travel of Price in an manner to block his further progress, thereby seizing

Price, as described herein, through the use of deadly force, specifically colliding his police

vehicle with Decedents motorcycle.

141. Decedent was unarmed.

142.  Despite the Decedent's complete lack of aggression towards Pearson or anyone else,

Defendant Pearson used excessive and deadly force to seize the Decedent's person.

143. The force used to stop Price was disproportionate to the force necessary to seize Price.

144. By Pearson's actions and conduct, Pearson effected an unreasonable and illegal seizure of

Decedent in violation of the Fourth Amendment's prohibition against the use of deadly and

excessive force.

145. As a direct and proximate of this illegal search and seizure, Decedent, his statutory

beneficiaries, and this Estate suffered damages as described in this Complaint.

146.  Defendant Pearson's outrageous, shocking intentional wrongful acts exhibit the degree of

malice to warrant punitive damages.

147.  The instant claim survives Decedent and damages are recoverable under the District of

Columbia's Survivorship Act. The District is responsible under the doctrine *respondeat*

superior for the damages inflicted upon Mr. Price as pursued by his Personal Representative.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the

Estate of Jeffery Price, Jr. demands judgment against Defendant Pearson, Jarboe, Anthony

Gaton, and the District  in the amount of $ 70,000,000 (seventy million dollars), plus

prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such

other relief that the Court may deem just and proper, and $ 30,000,000 (thirty million dollars) in

punitive damages as a result of their intentional assault and battery and excessive force upon Mr.

Price  against Officers Pearson, Jarboe and Gaton in their individual and official capacities as police officers and against the District of Columbia under the legal theory of "extraordinary circumstances" for their deliberate indifference to, and fostering of  and executing  the pattern and practice of targeting black bikers with deadly force in violation of Price's Constitutional rights to be free from excessive force that resulted in the instant collision.

**Count XI (Against Pearson, Jarboe & Gaton and Defendant D.C.)**

**Fifth Amendment Claim – Violation of Due Process**

148.  Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set forth herein.

149.  At all material times, Defendants Pearson, Jarboe and Gaton acted under color of law.

150.  Pursuant to the Fifth Amendment, and the laws of the United States, Decedent had a constitutionally protected right to be free from the deprivation of life and liberty without due process of law as well as the right to travel and not be subject to deadly force from the government while traveling.

151. Specifically, Decedent had a right to be free from unreasonable governmental interference and obstruction while traveling on the roads of the United States.

152. While Decedent was being chased by Officers Jarboe and Gaton, Defendant Pearson abruptly accelerated into the path of Decedent's motorcycle from the stop sign at Fitch Place, NE at the intersection of Division Avenue, NE without any adequate warning.

153.  Rather than being afforded Due Process, the Decedent was unreasonably deprived of his liberty to  travel on the roads of the United States unimpeded, and in the process, Defendant Pearson summarily executed Price, under the color of law of the District of  Columbia, as it was foreseeable that Price would be seriously injured or die as a result of being hit by a police

vehicle while Price was purportedly by the police traveling at 70 mph and would thus deprive

Price of his life and liberty without due process of law.

154.  Such wanton disregard for the rights of a citizen of DC was exacerbated by the

intentional, outrageous and shocking abrupt entrance of Pearson's MPD SUV into Price's lane

of travel on Division Avenue, NE.

155.  As the direct and proximate  result  of the aforementioned constitutional violations,

Decedent, his statutory beneficiaries and his Estate suffered damages as described in this

Complaint.

156.  Defendant Pearson's outrageous and intentional wrongful acts which shocks the

conscience exhibit a degree of malice to warrant punitive damages.

157. The instant claim survives Decedent and damages are recoverable under the District of

Columbia Survivorship Act.  The District is responsible under the doctrine *respondeat superior*

for the damages inflicted upon Mr. Price by Pearson, Jarboe, Gaton, as are Pearson, Jarboe and

Gaton in their individual and official capacities and  the District of Columbia under the theory

of "extraordinary circumstances".

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the

Estate of Jeffery Price, Jr. demands judgment against Defendants Pearson, Jarboe and

Gaton, and the District of Columbia  in the amount of $ 70,000,000 (seventy million

dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of

this suit, in their individual and official capacities as police officers for the loss of care,

education, training, guidance and personal advice, pecuniary losses (e.g. loss of Price's

future earning capacity and support), loss of life and the District  of Columbia under the

theory of *respondeat superior* and such other relief that the Court may deem just and

proper, and $ 30,000,000 (thirty million dollars) in punitive damages against Pearson, Jarboe and Gaton in their official capacity and individual capacity and against the District of Columbia under the legal theory of "extraordinary circumstances".

### Count XII (Against Defendant D.C.)

### § 1983 *Monell* Claim for Violations of Fourth and Fifth Amendment Rights

158.  Plaintiff re-states and re-alleges each and every allegations set forth above as if fully set forth herein.

159.  As described in the above Counts of this Complaint, Defendant Pearson violated the Decedent's Fourth and Fifth Amendment rights.

160.  At all times material hereto, Pearson, Jarboe and Gaton acted under the color of law. They were on duty, performing their jobs as police officers of the District of Columbia , pursuant to the authority vested in them by Defendant D.C.

161.  At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to encourage and permit officers on patrol in their vehicles to intimidate black bikers, intentionally, using means including but not limited to swerving into motorcyclists lane of traffic causing the rider to swerve, fall or lose control of the motorcycle, and stopping in front of said motorbikes to precipitate and dangerous collision.

162.  Officers of the MPD, including Jarboe and Gaton who chased and pursued this practice in order to intimidate, threaten and bully motorcycle riders in D.C. and Officer Pearson who intentionally blocked/barricaded Price's path intentionally did so in violation of police rules and regulations as well as Constitutional Prohibitions.

163.  These practices and/or customs employed by the MPD officers, including Pearson, Jarboe and Gaton were common place and were knowingly or tacitly condoned by the supervisors within the MPD.

164.  At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to condone abuses of police power by its officers, including but not limited to failing to investigate and pursue reports of unlawful seizures and use of excessive force, and failure to deter such behavior by its police officers/ agents through proper training, reprimand, suspension or dismissal, particularly with respect to incidents involving black motorbike/motorcyclists.

165.  At all times relevant to the instant lawsuits, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to fail to train and discipline its officers, creating a situation where its unfit, untrained and undisciplined officers were certain to violate the Constitutional rights of black motorbikers in the District of Columbia through unreasonable seizures, use of excessive force, and deprivation of due process of the law, without fear of consequence.

166.  The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant D.C. to the constitutional rights of black motorbike drivers and others within the District, and were the direct and proximate cause of the violations of plaintiffs' rights alleged herein.

167.  As a result of improper training by Defendant D.C., Defendants Pearson, Jarboe, and Gaton were incapable to do their jobs without violating the Constitutional rights of black motorcyclists in the District of Columbia with which they came into contact.  Defendant D.C. allowed Defendants Pearson, Jarboe and Gaton  to perform their job without providing them

proper training with respect to protecting the Constitutional rights of District Citizens and specifically with respect to constitutional rights of black motorcyclists, with deliberate indifference to the fact that they were almost certain to violate the Constitutional rights of black motorcyclists and others in the District of Columbia with excessive force.

168.  As a result of the above described policies and customs, Defendants Pearson, Gaton and Jarboe were not suspended or fired at any time prior to the collision, when, had they been properly monitored, the Defendant District of Columbia should have known that they were unfit and incapable of carrying out the police powers of Defendant D.C. without violating the United States Constitution.  Said retention of Pearson by Defendant D.C. violates this Count arising from the duty of Defendant D.C. to dismiss or otherwise punish and sanction its errant officers like Pearson for breaching the rights of the DC Citizens and occupants to which they are entitled under the United States Constitution.  Said retention of Pearson, Jarboe and Gaton by Defendant D.C. was done with deliberate indifference to the fact that they were almost certain to violate the Constitutional rights of D.C. citizens, including but not limited to black motorcyclists.

169. As a result of the described policies, customs and practices, Pearson, Jarboe and Gaton believed that their actions would not be properly monitored by supervisory officers and that the misconduct would not be honestly investigated or punished, but would be tolerated.

170. The officers at the scene of Division Avenue and Fitch Place, NE, the MPD Officers found humor and had contempt for Price and laughed about Price's tragic demise while he writhed in agony and struggled for his life.

171. The pursuit by Jarboe and Gaton chasing/channeling Price was done in such a manner that Pearson, who was lying in wait at the bottom of the hill at Division Avenue NE where it

intersects and Fitch Place, NE, was every ready to interdict a black biker with deadly force, i.e. his cruiser. Thus, this plot of abruptly entering the path of Price was known by members the MPD and was acquiesced to and in concert with these other members of MPD. Thus, this demonstrates a full cycle of the hierarchy of MPD failing to train MPD officers and enforce the rights of the citizens of DC against errant Officers.

172. As a direct result of the above described policies, practices and customs, Defendant Pearson believed his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or punished, but would be tolerated by the Districts deliberate indifference to their unlawful conduct. Defendant Pearson was never deterred in any way from committing the Constitutional violations they engaged in with respect to the Decedent.

173. As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of Defendant D.C., Decedent was deprived of this aforementioned Constitutional rights in the manner described in the Counts herein.

174. As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of Defendant D.C., Defendant D.C. is directly liable under 42 USC § 1983 for the violations of Decedent's constitutional rights described in the above Counts.

175. As the direct and proximate result of above described policies, practices and customs, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in this Complaint.

176. As a direct and proximate result of above described policies and customs, Decedent, his statutory beneficiaries and his Estate suffered damages as described in this Complaint.

177.  Defendant D.C.'s outrageous, intentional, reckless and grossly negligent unconstitutional and wrongful acts exhibit the degree of malice to warrant punitive damages.

178.  The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

Wherefore, Plaintiff, Denise Price, individually and as a personal representative and administrator of the Estate of Jeffery Price, Jr., demands judgment against Defendant D.C. in the amount of $ 70,000,000.00 (seventy million dollars) plus prejudgment interest, attorney's fees and other costs of this suit, and other such relief that the Court may deem just and proper and $ 30,000,000.00 in punitive damages because this case fits into the legal theory of "extraordinary circumstances" where the DC police department and the District engaged in practices that permitted officers to target black bikers with deadly force by their deliberate indifference and failure to sanction its officers who engage in such practices of targeting black bikers with deadly force, i.e. their police vehicles -  both marked and unmarked, of which the case of Price is a vivid example.

## STATE LAW CLAIMS – SURVIVORSHIP COUNTS

### Count XIII – (Defendants Pearson, Jarboe, Gaton & Defendant D.C.)

### Negligence, Negligence Per Se & Gross Negligence

179.  Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set forth herein.

180.  MPD Officers David Jarboe and Anthony Gaton chased/channeled Price down Division Avenue, NE towards the Intersection of Fitch Pl, NE, DC.

181. MPD Officers David Jarboe and Anthony Gaton violated General Order 301.03 in that they engaged in a chase without activating their emergency lights and sirens.

182. MPD Officers David Jarboe and Anthony Gaton violated General Order 301.03 in that they engaged in a chase without the approval of a Watch Commander or other appropriate MDP official in violation of General Order 301.03

183. MPD Officers David Jarboe and Anthony Gaton violated General Order 301.03 in that they were not authorized to engage in a chase of Price as MPD Officers are not allowed to chase vehicles that are committing mere traffic offenses and must have permission of a watch commander or one with similar authority to do so.

184. Defendant Pearson had a duty to operate his motor vehicle in a careful and prudent manner, and yield the right of way to Decedent, as he was at a stop sign where Division Avenue had no stop sign, and maintain his vehicle on the proper side of the road, so as to avoid blocking the oncoming traffic causing Decedents motorcycle to strike Pearson's marked police cruiser.

185. None of the MPD Officers involved in the chase, nor the Pearson who suddenly left the Stop sign area at Fitch Place at the intersection with Division Avenue, and abruptly barricaded his vehicle across the width of Division Avenue, had activated their emergency lights and sirens.

186. Defendants had a duty to obey all applicable traffic laws, regulations, laws and signs and signals especially since their emergency lights and sirens were not activated.

187. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pearson negligently and carelessly failed to operate his motor vehicle in a careful and prudent manner, and negligently and carelessly failed to yield the right of way to Decedent, in such a manner that using his vehicle to block the path of oncoming vehicles coming down Division Avenue, caused the impact with the motorcycle driven by Price.

188.  Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pearson negligently and carelessly failed to keep his marked police cruiser under proper control at all times, and negligently and carelessly failed to give his full time and attention to the operation of his motor vehicle.

189. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pearson negligently, recklessly and carelessly and without due care failed to obey all applicable traffic regulations, laws, and provide passage to oncoming vehicles to pass unobstructed in their lane of travel.

190.  Defendant Pearson engaged in wanton, willful and grossly negligent conduct when he violated common law standards and General Order 301.03 when he violated the admonition therein which states: "Members, in both the primary and secondary unit, shall maintain a safe distance between their vehicle and the fleeing vehicle to ensure that there is enough reaction time, and should the fleeing vehicle suddenly turn or brake."

191. Rather than avoid the unlawful contact with this cruiser, Pearson made that contact inevitable.

192.  Rather than follow the admonition of GO 301.03, which places a priority on "the protection of human life and property", this order, which was "designed to establish guidelines for members to follow that best protect the lives and property of all person while members are engaged in a pursuit." was violated by Pearson, Jarboe and Gaton.

193.  As a result of Pearson's breach of duties described above, Pearson crossed over into the lane of travel of Price, barricading and blocking travel to oncoming vehicles which resulted in Price hitting the side of Pearson's MPD cruiser head-on while Decedent was rightfully occupying his lane of traffic.

194. As a result of the collision and the negligence of Defendant Pearson, Jarboe and Gaton, Decedent Price, his statutory beneficiaries and Estate suffered damages described in this complaint.

195. All of such damages were proximately and solely caused by the negligence of Defendant Michael Pearson, David Jarboe and Anthony Gaton.

196. Defendant D.C. is jointly and severally liable under the doctrine of *respondeat* superior for the aforementioned tortious acts and omissions of Defendants Michael Pearson, David Jarboe and Anthony Gaton.

197. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act. The District is responsible under the doctrine respondeat superior for the damages inflicted upon Mr. Price as pursued by his Personal Representative.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant Michael Pearson, David Jarboe, Anthony Gaton, and the District of Columbia for their negligence, negligence per se and gross negligence in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper and $ 30,000,000.00 (thirty million dollars) in punitive damages for gross negligence by Pearson, Gaton, Jarboe and the District causing Price to be hit by Pearson's government vehicle and for "extraordinary circumstances" of allowing and implementing this pattern and practice of targeting black bikers like Price with deadly force, i.e. Pearson's MPD SUV.

Count XIV (Defendants Pearson, Jarboe, Gaton and Defendant D.C.)

## Assault

198.  Plaintiff re-states and re-alleges each such and every allegation set forth above as if fully set forth herein.

199. At all times material hereto, Officers Jarboe and Gaton were chasing/channeling Price down Division Avenue, NE.   Defendant Pearson intentionally and unlawfully assaulted Plaintiff Price by abruptly crossing Division Avenue, NE, and used his vehicle to barricade and block the oncoming travel coming North down Division Avenue, assuring that the collision between Pearson's cruiser and Price's dirt bike was inevitable.

200. Decedent's reaction to Defendant Pearson's using his vehicle to block Decedent's forward travel was that of extreme apprehension of bodily harm.

201.  As a direct and proximate cause of the collision, Decedent, his statutory beneficiaries and his Estate suffered damages as described in this Complaint.

202. All such damages were proximately and solely caused by the intentional actions of Defendant Michael Pearson, David Jarboe and Anthony Gaton.

203. At all times during which these tortious acts were being committed by Defendants, they were employed as police officers by Defendant D.C. and were on duty, operating police vehicles owned by Defendant D.C within the scope of their employment.

204.  Consequently, Defendant D.C. is liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendants Michael Pearson, David Jarboe and Anthony Gaton.

205. The instant claims survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.  The District is responsible  under the doctrine respondeat superior for the damages inflicted upon Mr. Price as pursued by his Personal Representative for the

damages which resulted by Pearson, Jarboe and Gaton trapping and colliding with Price with an MPD SUV and is also liable in punitive damages against officers Pearson, Jarboe and Gaton in their individual and official capacity as police officers and the District of Columbia for the "extraordinary circumstances" where the District of Columbia engaged in a pattern and practice that allows the act of targeting black bikers with deadly force to flourish on a Department wide basis.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant Michael Pearson,  David Jarboe, Anthony Gaton and the District jointly and severally  in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper, for assault and $ 30,000,000 (thirty million dollars) in punitive damages in their capacity of MPD Officers and individually and against the District of Columbia for the "extraordinary circumstances" where the District of Columbia, Pearson, Jarboe, and Gaton engaged in a pattern and practice, of which these officers were a part, in targeting and assaulting black bikers with deadly force, i.e. their police vehicles in violation of Price's Constitutional rights.


Count XV (Defendants Pearson, Jarboe and Gaton, Defendant D.C.)

### Battery

206..  Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set forth herein.

207.  At all times material hereto, Defendant David Jarboe, Anthony Gaton and Michael Pearson, acted within the course and scope of their employment as a servant and/or employee of Defendant D.C.

208.  David Jarboe and Anthony Gaton set up Plaintiff Price by chasing him down Division Avenue in their MPD vehicles in violation of GO 301.03 without activating their sirens or emergency lights and driving Plaintiff Price into the trap set by Officer Pearson.

209.  Defendant Pearson then abruptly and suddenly crossed Division Avenue from Fitch Place, NE, and blocked/barricaded Division Avenue with his MPD Cruiser causing Plaintiff Price to drive into the Cruiser operated by Pearson.

210.  As a direct and proximate cause of the collision, Price was killed and his statutory beneficiaries, and his Estate suffered the damages as described in this Complaint.

211..  All such damages were proximately and solely caused by the intentional actions of Defendants Michael Pearson, David Jarboe and Anthony Gaton.

212.  Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendants Michael Pearson, David Jarboe and Anthony Gaton.

213.  The instant claim survives Decedent and damages are recoverable under the District of Columbia's Survivorship Statute.  The District is responsible  under the doctrine respondeat superior for the damages inflicted upon Mr. Price as pursued by his Personal Representative.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendants Michael Pearson, David Jarboe and Anthony Gaton, and the District  in the amount of $ 70,000,000

(seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $ 30,000,000 (thirty million dollars) in punitive damages as a result of their assault and battery upon Mr. Price by Defendant Michael Pearson and assisted and in conjunction with David Jarboe and Anthony Gaton in their individual and official capacities while chasing/channeling Price down Division Ave., NE, and also in conjunction with the District of Columbia under the legal theory and umbrella of "extraordinary circumstances" that lead to the targeting of black bikers with their police cruisers in violation of the Constitutional prohibitions of unlawful seizing, excessive force and violations of Constitutional Due Process.

Count XVI (Defendants Pearson, Jarboe, Gaton  & District of Columbia)

Negligent Infliction of Emotional Distress

214.  Plaintiff re-states and re-alleges each and every allegation set forth above as if fully set forth herein.

215.  At all times material hereto, Defendants Michael Pearson, David Jarboe and Anthony Gaton acted within the scope of their employment as servants and/or employees of Defendant D.C..

216.  Defendants David Jarboe and Anthony Gaton commenced chasing Plaintiff Price down Division Avenue causing fear and apprehension; setting him up for an ever greater fear – the trap set by Defendant Pearson wherein Pearson abruptly crosses  Division Avenue with his MPD Cruiser and blocking Prices further progress resulting in a catastrophic collision that ended Price's life .

217.  By David Jarboe and Anthony Gaton chasing Price and Pearson blocking Price's lane of travel, Price was placed in a position of extreme emotional distress, fear and apprehension.

218.  When David Jarboe and Anthony Gaton were chasing Price down Division Avenue, NE this chase/channeling was combined with Pearson who abruptly blocked Price's lane of travel. Price experienced an overwhelming fear and anxiety that blocking his lane of travel might result in his last day on earth.

219.  Price being chased by police vehicles following behind  him while being abruptly being cut off by the MPD cruiser driven by Pearson  into Price's lane of travel caused an immense amount of emotional distress to Price.

220.  Price is entitled to his damages under the theory of negligent infliction of emotional distress.

221.  Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned  tortious and omissions of Defendants Michael Pearson, David Jarboe and Anthony Gaton.

222.  The instant claims survive Decedent and damages are recoverable under the District of Columbia Survivorship Act.  The District is responsible  under the doctrine of *respondeat superior* for the damages inflicted upon Mr. Price as pursued by his Personal Representative.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendants,  in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest, attorney's fees and other costs of this suit, and such other relief that the Court may deem just and proper, against Defendants Pearson, Jarboe,  Gaton and the District of Columbia; and $ 30,000,000 (thirty million dollars) in punitive damages as a result of Defendants

Pearson, Jarboe, Gaton and the District  grossly negligently inflicting emotional distress upon Mr. Price, and for  engaging in the "extraordinary circumstances" of targeting this black bikers with deadly force under the theory of "extraordinary circumstances" and being deliberately indifferent and failing to correct this unconstitutional pattern and practice of targeting black bikers with deadly force.

Count XVII (Defendant Pearson, Jarboe, Gaton & Defendant D.C.)

Intentional Infliction of Emotional Distress

223. Plaintiff re-states and re-alleges each and every allegation set forth above as if  fully set forth herein.

224.  At all times material hereto, Defendants Officers Michael Pearson, David Jarboe, and Anthony Gaton acted within the scope of their employment as servants and/or employees of Defendant D.C..

225.  Defendants David Jarboe and Anthony Gaton intentionally commenced chasing Plaintiff Price down Division Avenue causing fear and apprehension; setting him up for an ever greater fear – the trap set by Defendant Pearson wherein he abruptly crosses  Division Avenue with his MPD Cruiser thus blocking Prices further progress resulting in a catastrophic collision that ended Price's life .

226.  By David Jarboe and Anthony Gaton chasing Price and Pearson blocking Price's lane of travel, Price was placed in a position of extreme emotional distress, fear and apprehension.

227.  While David Jarboe and Anthony Gaton may have been guilty of causing negligent emotional distress and Pearson guilty of causing  extreme emotional distress, fear and apprehension, Price is also entitled to his damages under the theory of intentional infliction of

emotional distress as Pearson was certain that his cruiser would disrupt Price's path and

inevitably result in the dangerous collision which would be, by its very nature, deadly force.

228. Defendant District of Columbia is jointly and severally liable under the doctrine of

*respondeat superior* for the aforementioned  tortious acts and omissions of Defendants David

Jarboe and Anthony Gaton.

229. The instant claims survive Decedent and damages are recoverable under the District of

Columbia Survivorship Act.  The District is responsible  under the doctrine respondeat superior

for the damages inflicted upon Mr. Price as pursued by his Personal Representative.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the

Estate of Jeffery Price, Jr. demands judgment against Defendant Pearson, David Jarboe

and Anthony Gaton, in their individual and official capacities  and the District in the

amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment

interest, attorney's fees and other costs of this suit, and such other relief that the Court

may deem just and proper; and  $ 30,000,000 (thirty million dollars)  in punitive damage

against Officers Pearson, Jarboe, and Gaton in their individual and official capacities  and

the District  under the legal theory and umbrella known as "extraordinary circumstances"

as a result of their intentional infliction of emotional distress upon Mr. Price which

resulted from the Defendants engaging in the pattern and practice of District police

officers of targeting black bikers with deadly force, i.e. their cruisers.

## Count XVIII (Defendant D.C.)

### Negligence in Hiring, Training, Supervision and Retention

230. Plaintiff re-states and re-alleges each and every allegations set forth above as if fully set

forth herein.

231.  At all times relevant herein, Defendant Michael Pearson, David Jarboe and Anthony Gaton were  employees, agents and/or servants of Defendant, D.C. and acted under the direction and control of , and pursuant to the statutes, rules, regulations, polices, and procedures of Defendant District of Columbia.

232.  Defendant D. C. had a duty, through performance of reasonable inquiry, to hire as police officers, only such individuals who are capable of appreciating the rights of citizens of the District of Columbia afforded by the United States Constitution, and to suspend and dismiss individuals unfit or unable to enforce the District's police powers within constitutional boundaries.

233.  As a direct and proximate result of the negligence of Defendant D.C.  with respect to its negligent hiring, retention, training and supervision of Defendants Pearson, Jarboe and Gaton Decedent, his statutory beneficiaries, and his Estate suffered damages as described in this complaint.

234.  The above referenced damages were the direct and proximate result of the negligence of Defendant D.C. in abrogating its duties to hire, retain, supervise and train officers who will correctly enforce the Constitution and civil rights of the citizens and occupants of D.C.

235.  The damages sought under this Count are proper pursuant to the District of Columbia Survival Act.  The District is responsible under the doctrine *respondeat* superior for the damages inflicted upon Mr. Price by Officers Pearson, Jarboe and Gaton as pursued by his Personal Representative.

Wherefore, Plaintiff Denise Price, individually and as Personal Representative of the Estate of Jeffery Price, Jr. demands judgment against Defendant D.C.  in the amount of $ 70,000,000 (seventy million dollars), plus prejudgment and post judgment interest,

attorney's fees and other costs of this suit and such other relief that the Court may deem just and proper against the District for its police and practice of negligent hiring, training, supervision and retention.

## JURY TRIAL IS DEMANDED

I ask for this:

_____

David L. Shurtz, Esq. – DC Bar # 454598
1200 N Nash St. # 835
Arlington, VA  22209
(202) 617-9141
(703) 525-0720
dshurtz103@gmail.com

March 2, 2020